UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOSHUA PAUL MUNK,                                    Civil No. 3:13-cv-01842-HA

    Plaintiff,                                              OPINION AND ORDER

    v.

CITIMORTGAGE, INC.,

    Defendant.

---

HAGGERTY, District Judge:

    *Pro se* plaintiff, Joshua Paul Munk, filed this action against defendant CitiMortgage, Inc.,

the prior owner and servicer of his residential mortgage loan. Plaintiff faults defendant for

failing to approve his second loan modification despite assurances to the contrary, for selling his

loan to a different servicer, and for damaging his credit rating by advising him to forgo loan

payments in order to qualify for a second loan modification. Defendant has filed a Motion to

Dismiss [7]. For the following reasons, defendant's Motion to Dismiss is granted in part and

denied in part and plaintiff's Complaint is dismissed without prejudice.

## STANDARDS

To survive a motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6), a

complaint must allege sufficient facts to state a claim for relief that is plausible on its face.

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). When considering a motion to

dismiss, the court must determine whether the plaintiff has made factual allegations that are

"enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 545 (2007). Dismissal under FRCP 12(b)(6) is proper only where there is no

cognizable legal theory, or an absence of sufficient facts alleged to support a cognizable legal

theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

The reviewing court must treat all facts alleged in the complaint as true and resolve all

doubts in favor of the nonmoving party. *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1098 n.1 (9th

Cir. 2009) (citation omitted). The court need not accept any legal conclusions set forth in a

plaintiff's pleading. *Ashcroft*, 129 S. Ct. at 1949-50.

In evaluating the Motion to Dismiss, the court is mindful that the Ninth Circuit upholds a

"policy of liberal construction in favor of *pro se* litigants." *Rand v. Rowland*, 154 F.3d 952, 957

(9th Cir. 1998). Litigants have a statutory right to self-representation in civil matters, *see* 28

U.S.C. § 1654 (1982), and are entitled to meaningful access to the courts. *Rand*, 154 F.3d at 957;

(citing *Bounds v. Smith*, 430 U.S. 817, 823 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 579

(1974); *Johnson v. Avery*, 393 U.S. 483 (1969); *Hatfield v. Bailleaux*, 290 F.2d 632, 637 (9th Cir.

1961)). "Consequently, we tolerate informalities from civil *pro se* litigants." *Id.* (citations

omitted).

## BACKGROUND

Plaintiff purchased a home in Portland, Oregon with defendant as the holder and servicer of the loan. On April 27, 2009, plaintiff entered into a Loan Modification Agreement with defendant. The terms of the Loan Modification Agreement provided for an interest rate of 3.25% for the first year, 5% for the second year, and a fixed rate of 8.5% for the remainder of the loan term.

After the first year of making payments under the Loan Modification Agreement, plaintiff requested a second loan modification as he believed the fixed rate of 8.5% beginning in the third year was unreasonable and usurious. The process of attempting to obtain a second loan modification was a long and frustrating one. Plaintiff first requested a second loan modification on June 1, 2010. Plaintiff applied for a loan modification on multiple occasions. He was variously told that his applications were in the final stages of review, that he needed to submit additional documents (some of which he had repeatedly submitted), and that his applications would be approved. Each of his applications was ultimately rejected. Plaintiff was told that his applications were rejected because the amount of forbearance was too great, because certain requirements were not met, because his property had a negative net present value, and because he had not provided defendant with sufficient documentation.

On May 5, 2011, plaintiff called defendant and was told that he was back in the loan modification program and that he should submit his May 2011 loan payment but should withhold his payment for June 2011 (the month his interest rate was scheduled to increase to 8.5%). Defendant told him that he was in the probationary period and that he would receive a new reduced mortgage amount. On May 15, 2011, plaintiff called to check on the status of the loan

3 - OPINION AND ORDER

modification and was again told that he should withhold payment in June. On June 17, 2011,

defendant reassured plaintiff that he would receive a new interest rate soon and that he did not

need to submit any money at that point. On June 20, 2011, plaintiff received a letter stating that

he was delinquent on his account. Plaintiff called defendant and was again reassured that

everything was okay. Plaintiff placed his June and July mortgage payments into his savings

account. On July 19, 2011, plaintiff again contacted defendant to inquire about his new interest

rate and was told that his loan modification had been denied because he was delinquent on his

account. Plaintiff requested that they ensure the delinquency did not impact his credit as

defendant had requested he not make the loan payments.

Plaintiff again requested a loan modification and was repeatedly told that he had not

submitted all documents, despite his having submitted them numerous times. His applications

were again rejected. On April 7, 2012, plaintiff was told that he had submitted sufficient

documentation and that his requested modification was in the final stages of review. On May 21,

2012, plaintiff received a letter stating that his modification request had been denied because

defendant had sold his loan to U.S. Bank.

Since initiating this lawsuit, plaintiff's house was foreclosed upon by U.S. Bank. While

attempting to secure a loan modification with U.S. Bank, he was told that he was ineligible for a

modification because he had been delinquent on his account with defendant.

**DISCUSSION**

Plaintiff now pursues eight claims for relief against defendant. Plaintiff asserts claims for

common law indemnity, breach of contract, conspiracy, fraud, estoppel, negligence, negligent

misrepresentation, and intentional misrepresentation. Defendant moves to dismiss all claims and

requests dismissal with prejudice. Plaintiff acknowledges that with respect to many of his

claims, he has failed to properly plead the necessary elements for a successful claim. Plaintiff requests leave to file an amended complaint curing the defects in his original Complaint and to assert new requests for damages in light of the fact that his home has been foreclosed upon.

It appears that many of plaintiff's claims are predicated on the fact that defendant instructed him not to make mortgage payments, and then penalized him for failing to make such payments by denying his request for a second loan modification and by reporting the nonpayment to consumer reporting agencies, resulting in damage to his credit score. However, plaintiff fails to clearly set forth the basis for his claims relating to defendants' actions in this regard. It is possible that defendant breached its contract with plaintiff by reporting his nonpayment when defendant induced the nonpayment, or by inducing plaintiff to breach the contract by withholding his mortgage payments. *Harris v. Wells Fargo Bank, N.A.*, No. 12–cv–05629–JST, 2013 WL 1820003, *8 (N.D. Cal. April 30, 2013). However, plaintiff does not identify the contract, his adherence to it (aside from the induced nonpayment), or the terms breached. It is also plausible that defendant breached the covenant of good faith and fair dealing, but again, plaintiff fails to set forth the elements for such a claim or the facts to support it.

Construing plaintiff's Complaint liberally, it appears he is attempting to assert a claim under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681–1681x. While FCRA typically does not provide a cause of action against an entity that furnishes information to a consumer reporting agency, § 1681s–2(b) imposes duties on furnishers of information, such as defendant. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). However, those obligations are triggered only "upon notice of dispute"—that is, when a person who furnished information to a consumer reporting agency receives notice from the consumer reporting agency that a consumer disputes the information. 15 U.S.C. § 1681i(a)(2). When a furnisher receives

5 - OPINION AND ORDER

such notice, the furnisher must investigate the disputed item and provide a report to the consumer reporting agency. *Id.* at § 1681s–2(b)(1).   A furnisher who is in willful or negligent noncompliance may be subject to suit. *Gorman*, 584 F.3d at 1154.  Because plaintiff has failed to allege that he disputed the information on his credit report with a consumer reporting agency, and has also failed to allege that defendant received notice of the dispute but failed to report that it had induced plaintiff's nonpayment, plaintiff has not successfully plead a claim under FCRA at this time.  In order to proceed on a FCRA claim, or any claim related to damage to plaintiff's credit score, plaintiff will need to set forth the elements of the claim and a brief factual basis supporting those elements.

### 1.    Common Law Indemnity

Plaintiff's first cause of action is for "common law indemnity."  Under Oregon law, "indemnity is a remedy, not a cause of action." *Freeport Inv. Co. v. R.A. Gray & Co.*, 767 P.2d 83, 85 (Or. Ct. App.1989).   Therefore, a prayer for "indemnity must be based on a legal theory of recovery which specifies the legal reason why one party is responsible to hold another party harmless." *Id.*  As plaintiff attempts to set forth a distinct claim for indemnity and then fails to specify the legal theory supporting the claim, it must be dismissed.  Plaintiff may, when he files an amended complaint, include a request for indemnity so long as he can support it with a specific legal theory that would entitle him to such relief.

### 2.    Breach of Contract

Plaintiff's second cause of action is for breach of contract.  To properly state a claim for breach of contract plaintiff must allege (1) the existence of a contract, (2) the relevant terms of the contract, (3) plaintiff's full performance and lack of breach (or breach induced by defendant), and (4) defendant's breach resulting in damage to plaintiff. *Slover v. Or. State Bd. of Clinical*

6 - OPINION AND ORDER

*Social Workers*, 927 P.2d 1098, 1101-02 (Or. Ct. App. 1996). As plaintiff has failed to set forth

the necessary elements, plaintiff's claim for breach of contract must be dismissed.

### 3. Conspiracy

Plaintiff's third cause of action is for civil conspiracy. "A civil conspiracy is a

combination of two or more persons who, by some concerted action, intend to accomplish some

unlawful objective for the purpose of harming another which results in damage." *King v.*

*Deutsche Bank Ag*, No. 04-cv-01029-HU, 2005 WL 611954, *35 (D. Or. March 08, 2005). As

plaintiff has failed to allege who participated in the conspiracy and what their unlawful objective

was, this claim must be dismissed.

### 4. Fraud

Plaintiff's fourth cause of action is for fraud. This claim appears to based on the fact that

defendant induced plaintiff not to pay his mortgage and then used plaintiff's nonpayment as a

basis to deny his second loan modification before selling the mortgage to U.S. Bank.

Additionally, plaintiff makes an unsupported assertion that defendant retained a partial interest in

the mortgage after selling it to U.S. Bank. However, plaintiff has failed to meet FRCP 9(b)'s

heightened pleading requirements for a claim of fraud.

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity

the circumstances constituting fraud or mistake." To comply with Rule 9(b), the complaint must

state with particularity the circumstances constituting the fraud, including an account of the

"time, place, and specific content of the false representations as well as the identities of the

parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir.

2004). "[A]llegations of fraud must be 'specific enough to give defendants notice of the

particular misconduct which is alleged to constitute the fraud charged so that they can defend

against the charge and not just deny that they have done anything wrong.'" *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).

> Under Oregon law, to state a claim for fraud a plaintiff must allege:
>
> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

*Overbay v. Ledridge*, 776 P.2d 29, 30 (Or. Ct. App. 1989) (citation and quotation omitted).  As plaintiff has failed to set forth all elements of fraud under Oregon law and has failed to set them forth with the particularity required by Rule 9(b), that claim must be dismissed at this time.

### 5.    Estoppel

In his fifth cause of action, plaintiff appears to assert a claim for equitable estoppel. Under the doctrine of equitable estoppel "a person may be precluded by his act or conduct, or silence when it was his duty to speak, from asserting a right which he otherwise would have had." *Lydian Wealth Mgmt. Co., LLC v. Jacob*, No. 06-cv-01796-PK, WL 4964427, *9 (D. Or. Oct. 11, 2007) (quoting *Marshall v. Wilson*, 154 P.2d 547 (1944)).  However, "[e]quitable estoppel is not a cause of action, entitling a party to money damages; rather, it is a defense." *DCIPA, LLC v. Lucile Slater Packard Children's Hosp. at Stanford*, 868 F. Supp. 2d 1042, 1062 (D. Or. 2011) (citing *Marshall*, 154 P.2d at 547).  Accordingly, plaintiff's claim for estoppel must be dismissed with prejudice, which means plaintiff may not replead this claim.

### 6.    Negligence

Plaintiff's sixth cause of action is for negligence.  Under Oregon law, one ordinarily is not liable for negligently causing a stranger's purely economic loss without injuring his person or

property. *Hale v. Groce*, 744 P.2d 1289, 1290 (1987). However, a plaintiff may recover in such circumstances if the plaintiff showed "'some sort of duty outside the common law of negligence.'" *Harris v. Suniga*, 180 P.3d 12, 15-16 (2008) (quoting *Hale*, 744 P.2d at 1290). Such a duty arises in relationships that impose obligations "beyond the common law duty to exercise reasonable care to prevent foreseeable harm." *Onita Pacific Corp. v. Trustees of Bronson*, 843 P.2d 890, 896 (1992). Oregon courts have found that the relationship between creditor and borrower is not a special relationship that imposes a heightened duty of care. *Uptown Heights Assocs. Ltd. P'ship v. Seafirst Corp.*, 891 P.2d 639, 645-46 (1995); *Rapacki v. Chase Home Finance LLC*, No. 3:11-cv-185-HZ, 2012 WL 1340119, *3 (D. Or. Apr. 17, 2012). Accordingly, plaintiff may not proceed on a claim against defendant under a negligence theory and this claim must be dismissed with prejudice.

### 7.   Negligent Misrepresentation

Plaintiff's seventh cause of action is for negligent misrepresentation. As this claim sounds in the same law as plaintiff's sixth claim for relief, it too must be dismissed with prejudice as defendant did not owe plaintiff a heightened duty of care.

### 8.   Intentional Misrepresentation

Plaintiff's eighth cause of action is for intentional misrepresentation. Under Oregon law, a claim for intentional misrepresentation is the same as a claim for fraud. *Maier v. Pacific Heritage Homes, Inc.*, 72 F. Supp. 2d 1184, 1196 (D. Or.1999). As plaintiff failed to set forth the necessary elements for a claim of fraud, and failed to plead them with the particularity required by Rule 9(b) as discussed above, this claim must be dismissed.

/ / / /

/ / / /

9 - OPINION AND ORDER

**CONCLUSION**

For the reasons provided, defendant's Motion to Dismiss [7] is granted in part and denied in part. Plaintiff's Complaint is dismissed. This dismissal is without prejudice as to all claims except claims five, six, and seven, which are dismissed with prejudice. Plaintiff shall have until October 9, 2014 to file an amended complaint. Plaintiff may, if he wishes, seek the appointment of an attorney through the court's pro bono program.

IT IS SO ORDERED.

DATED this 14 day of August, 2014.

Ancer L. Haggerty
United States District Judge